*Northern District*

## No. 8335

## CARNES
## v.
## KAMLOT

Argued: May 15, 1975. Decided: August 16, 1976.

Case tried to *DeMarco, J.,* in the District Court of Newton. Number: 29566.

Present: Cowdrey, P.J.; Bacigalupo, Flynn, J.J.

Counsel for plaintiff: Edward T. Bigham, Jr., Waltham.

**Cowdrey, P.J.** Action of contract to recover damages for the alleged breach of an agreement to purchase real estate.

Upon default by the defendant for failure to file answers to interrogatories, judgment was entered, and execution thereunder issued.

Subsequently, the defendant filed a petition to vacate judgment and supercede execution. At the hearing on the petition, the plaintiff waived any defense thereto and requested the filing of a bond at a time which was prior to the adoption of the Massachusetts Rules of Civil Procedure.

The trial justice allowed the petition, without requiring a bond, the correctness of which presents the only question raised by this appeal.

The statutes in effect at the time of the allowance of the petition provided that a judgment may be vacated without the necessity of a bond under G.L.c. 250, §17, if the court is satisfied that the petitioner has insufficient funds to furnish the necessary bond or security and the defense is not frivolous, and under G.L.c. 250, §18, if the petitioner had no actual knowledge before the judgment was entered and there was no actual attachment of property in the original action.

The allowance of the petition without bond indicates that the court found sufficient reason to waive the bond. However, there is nothing in the record to warrant such a finding. The report states that the defendant was defaulted for failure to answer interrogatories which presumes that the defendant did have actual knowledge before judgment that the action was pending against him. The defendant obviously filed an answer originally or he would not have been served interrogatories. Consequently, G.L.c. 250, §18 is not applicable.

Nor can the provisions of G.L.c. 250, §17 be invoked. This statute applies only when the petitioner has insufficient funds available to him to furnish a bond. The petitioner is bound by his counsel's statement that he had "plenty of money" to pay a judgment. If so, it follows that he had sufficient funds to furnish a bond.

The finding of the trial justice that no bond is required is therefore vacated and the matter is remanded for further proceedings.